IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-127-FL

| GLADYS KNIGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| ANDREW SAUL, Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 15, 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 19), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

**BACKGROUND**

On February 4, 2016, plaintiff protectively filed an application for a period of disability and disability insurance benefits beginning September 1, 2015. The application was denied initially and upon reconsideration. A hearing was held on March 20, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated

June 15, 2018. Plaintiff appealed the ALJ's decision to the appeals council. On February 25, 2019, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff filed the instant action on April 3, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,' " Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th

Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to the Commissioner of Social Security ("Commissioner") at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 1, 2015, plaintiff's alleged disability onset date. (Transcript of the Record ("Tr.") 165). At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease, obesity, human immunodeficiency virus, plantar fasciitis, major depressive disorder, and an anxiety disorder. (Tr. 165). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations ("listings" or "listed impairments"). (Tr. 165–68); see 20 C.F.R. § 404, Subpt. P, App. 1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to the following limitations:

> [t]he claimant can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance and kneel; and occasionally stoop, crouch, and crawl. The claimant cannot work at unprotected heights or around moving mechanical parts. The claimant cannot work in humidity and wetness, or extreme cold. The claimant is limited to performing simple, routine and repetitive tasks with frequent interaction with supervisors, coworkers, and the public.

(Tr. 168–74). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 174–75). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 175–76). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 176).

B.  Analysis

Plaintiff objects to the portion of the M&R finding that the ALJ properly evaluated plaintiff's RFC with respect to her mental impairments.[1] (Pl. Obj. (DE 20) at 4).

RFC "refers to a claimant's capabilities despite her impairments." Lawrence v. Saul, 941 F.3d 140, 141 n.2 (4th Cir. 2019) (citing 20 C.F.R. § 404.1545(a)). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Taking into account all medically determinable impairments of which the ALJ is aware, as well as evidence of the intensity and persistence of symptoms caused by those impairments, the ALJ's "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. Monroe, 826 F.3d at 179; Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Where the ALJ says plaintiff can perform certain functions, he must discuss plaintiff's "ability to perform them for a full workday." Mascio, 780 F.3d at 636. "Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." Thomas, 916 F.3d at 311; Woods v. Berryhill, 888 F.3d 686, 689 (4th Cir. 2018).

When evaluating mental impairments, the ALJ rates a plaintiff's degree of functional limitation as either none, mild, moderate, marked, or extreme in four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(b)–(c). The ALJ's analysis includes discussion of plaintiff testimony, her mental health treatment records, and the medical opinions in

---

[1] Plaintiff does not specifically object to the magistrate judge's finding that the ALJ did not err in weighing plaintiff's testimony. (See M&R (DE 19) at 10–12; Pl. Mem. (DE 16) at 11–12). The court has reviewed that portion of the M&R and finds no clear error.

the record. (Tr. 168–70, 171–72). Based on the evidence identified, the ALJ explained that plaintiff had mild limitations in understanding, remembering, and applying information and adapting or managing herself and moderate limitations in interacting with others and concentrating, persisting, or maintaining pace. (Tr. 167–68). Based on his assessment of plaintiff's functions, the ALJ concluded that plaintiff is limited to performing simple, routine and repetitive tasks with frequent interaction with supervisors, coworkers, and the public. (Tr. 168). Thus, the ALJ conducted a proper RFC analysis. Thomas, 916 F.3d at 311.

Plaintiff argues that the ALJ's finding that she was able to perform simple, routine, and repetitive tasks was not supported by substantial evidence, citing to her testimony that she left her job as a corrections officer. (Tr. 94). However, the ALJ noted plaintiff's testimony that she was easily distracted, could not maintain concentration to read books, and that panic attacks at work in the past had caused her to be off task. (Tr. 167, 169). The ALJ discussed plaintiff's consultative examination, where she could recall only one of three objects after a delay, could repeat three digits forward and two in reverse, and could not count in serial sevens but could count in serial threes. (Tr. 167, 172, 386). The consultative examiner opined that plaintiff "has the ability to perform simple and repetitive tasks," "[s]he also has the ability to perform more detailed and complex tasks," and "[s]ustained concentration and persistence appear adequate." (Tr. 172, 387). In addition, the ALJ noted that plaintiff's treatment providers described her concentration as adequate, and mental status examinations showed intact concentration. (Tr. 167, 170, 461, 464, 482, 495, 511, 527–28, 584, 587, 604, 616, 629, 643, 648, 655). Thus, the ALJ's functional assessment of plaintiff's ability to perform simple, routine, and repetitive tasks is supported by substantial evidence.

Next, plaintiff argues that substantial evidence does not support the ALJ's finding that she could frequently interact with supervisors, coworkers, and the public. She cites several parts of the record in support of her argument, including her testimony of paranoia regarding getting into a fight at work, cutting herself and bleeding, and not liking to be in crowds because she feels like she is being judged for having HIV. (Tr. 98–99). On February 16, 2018, she reported symptoms of depression and anxiety, including that she rarely left home and experienced panic symptoms such as shortness of breath and chest discomfort. (Tr. 60–65). On May 14, 2018, plaintiff had a psychotherapy session where she reported continued obsessive-compulsive activity at home, and leaving the house caused distress. (Tr. 37–39). On June 18, 2018, plaintiff returned for another psychotherapy session and was encouraged to continue bi-weekly therapy. (Tr. 26–27).

Plaintiff's argument is unpersuasive. With regard to ability to adapt to change, the ALJ discussed plaintiff's testimony regarding her depression and anxiety, noting that she had panic attacks, paranoia, and crying spells. (Tr. 168, 169). However, plaintiff reported improvement in her symptoms over the longitudinal record. (Tr. 168, 169). Claimant declined mental health treatment in December 2015, and when she returned to treatment in 2016, she reported improvement in her mood and anxiety. (Tr. 169). The ALJ discussed how plaintiff's mental status examinations were unremarkable, and how although plaintiff testified she had difficulty leaving her house due to panic attacks, she routinely presented for treatment without history of failing to show up to appointments or severe anxiety. (Tr. 170).

In discussing plaintiff's ability to interact with others, the ALJ discussed plaintiff's testimony that she considered herself a germaphobe and felt that others judged her based on her medical condition. (Tr. 167, 305). The ALJ found that, "aside from some occasions of depressed and agitated mood," plaintiff was generally able to interact adequately with her treating providers.

7

(Tr. 167, 414, 418, 498, 565–66).  The ALJ also discussed how plaintiff was able to interact well with her consultative examiner, who opined plaintiff had adequate ability to interact with coworkers and the public.  (Tr. 167, 172, 383–87).

Substantial evidence supports the ALJ's finding that plaintiff could frequently interact with supervisors, coworkers, and the public.  Thus, plaintiff's RFC withstands judicial scrutiny.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, plaintiff's motion for judgment on the pleadings (DE 15) is DENIED.  Defendant's motion for judgment on the pleadings (DE 17) is GRANTED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of February, 2020.

LOUISE W. FLANAGAN
United States District Judge